IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| LARRY BELK, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 14-cv-00558-JPG |
| | ) |
| MADISON COUNTY JAIL STAFF, | ) |
| and MADISON COUNTY JAIL | ) |
| MEDICAL STAFF, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

Plaintiff Larry Belk, an inmate at Madison County Jail ("Jail"), brings this civil rights action pursuant to 42 U.S.C. § 1983 (Doc. 1). Plaintiff sues the Madison County Jail Staff ("Jail Staff") and the Madison County Jail Medical Staff ("Medical Staff") for constitutional claims arising from his alleged exposure to Hepatitis C, the conditions of his confinement, and his lack of access to the courts (Doc. 1, p. 7). Plaintiff seeks "compensation" (Doc. 1, p. 8).

### The Complaint

Plaintiff's one-page complaint sets forth three claims. First, Plaintiff alleges that "the Jail knows" that another inmate has Hepatitis C, but allowed the inmate to share a razor with Plaintiff (Doc. 1, p. 7). Consequently, Plaintiff was exposed to the disease. Second, Plaintiff alleges that he has been subjected to unconstitutional conditions of confinement at the Jail. The food is unhealthy,[1] he is allowed no recreation time, the air is not fresh, and the water stops working at times (Doc. 1, p. 7). Finally, Plaintiff alleges that he cannot properly defend himself because he lacks access to the Jail's law library and legal forms. Although Plaintiff asks to visit the library

---

[1] Plaintiff specifically complains that he receives a "honey bun snack" for breakfast (Doc. 1, p. 7).

on a daily basis, the complaint alleges that "[t]hey say they to (sic) busy or that one individual is already in there" (Doc. 1, p. 7). The Jail allegedly has no grievance procedure in place. When Plaintiff wrote to Jail officials about these issues, he was told to "write Springfield" (Doc. 1, p. 4). It is unclear whether he did so. Plaintiff now sues the Jail Staff and Medical Staff seeking "compensation" (Doc. 1, p. 8).

## Merits Review Under 28 U.S.C. § 1915A

This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A. Under § 1915A, the Court is required to promptly screen prisoner complaints to filter out nonmeritorious claims. 28 U.S.C. § 1915A(a). The Court is required to dismiss any portion of the complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief. 28 U.S.C. § 1915A(b).

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id*. at 557. Conversely, a complaint is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although the Court is obligated to accept factual allegations as true, *see Smith v. Peters*, 631 F.3d 418, 419 (7th Cir. 2011), some factual allegations may be so sketchy or implausible that they fail to provide sufficient notice of a plaintiff's claim. *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). Additionally, Courts

"should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements." *Id*. At the same time, however, the factual allegations of a *pro se* complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009). Upon careful review of the complaint, the Court finds that all of Plaintiff's claims are subject to dismissal under § 1915A.

## Discussion

The complaint addresses a deliberate indifference claim based on Plaintiff's exposure to disease (**Count 1**), a conditions of confinement claim arising from his inadequate nutrition, exercise, air, and water (**Count 2**), and an access to courts claim arising from his denial of access to the law library and legal forms (**Count 3**). Because the complaint is fatally flawed, however, Plaintiff shall not be allowed to proceed on any of these claims.

### Defendants

At the outset, the Court notes that no individuals are identified in connection with Plaintiff's claims. Section 1983 creates a cause of action based on personal liability and predicated upon fault; thus, "to be liable under [Section] 1983, an individual defendant must have caused or participated in a constitutional deprivation." *Pepper v. Village of Oak Park*, 430 F.3d 809, 810 (7th Cir. 2005) (citations omitted). The case caption lists the Jail Staff and Medical Staff as defendants, but mentions them nowhere in the statement of claim. No one else is mentioned either. Without tying an individual defendant to specific acts, the complaint fails to establish a constitutional violation on the part of any particular defendant. Plaintiffs are required to associate specific defendants with specific claims, so that defendants are put on notice of the claims brought against them and so they can properly answer the complaint. *See Twombly*, 550 U.S. at 555; FED. R. CIV. P. 8(a)(2). Where a plaintiff has not included a specific defendant

in his statement of the claim, the defendant cannot be said to be adequately put on notice of which claims in the complaint, if any, are directed against him. *See Collins v. Kibort*, 143 F.3d 331, 334 (7th Cir. 1998).

In addition, the complaint mentions no policy, custom, or practice that resulted in a constitutional deprivation. A copy of various Jail rules is attached to the complaint without any explanation of them (Doc. 1, pp. 5-6). Further, Plaintiff seeks only "compensation," and not injunctive relief. Under these circumstances, the complaint sets forth no actionable claim and must therefore be dismissed.

However, the dismissal shall be without prejudice, and Plaintiff shall be granted leave to file a "First Amended Complaint" addressing the defects in his pleading noted herein, if he wishes to pursue his claims further. Plaintiff is **INSTRUCTED** to file a proper § 1983 complaint with this Court within 35 days of the date of this order. Failure to follow the Court's instructions will result in dismissal of this action with prejudice for failure to state a claim under § 1915A. The Clerk of Court is **INSTRUCTED** to send Plaintiff the appropriate form to submit a § 1983 claim.

**First Amended Complaint**

When filing his amended complaint, Plaintiff should label the pleading "First Amended Complaint." He should also use *this* case number. Plaintiff must indicate whether he is bringing this action pursuant to 42 U.S.C. § 1983 or some other law. Plaintiff should name particular defendants in the case caption and in the statement of claim. He should be careful to include a brief chronology of events demonstrating how each defendant violated his rights—constitutional or otherwise. As the events giving rise to this action occurred in April 2014, Plaintiff does not

face any impending statute of limitations deadline in connection with his claims and therefore should not be prejudiced by this dismissal.

With this in mind, the Court turns to the substantive claims raised by Plaintiff, and the legal standard governing each.

**Count 1**

According to the complaint, Plaintiff may have been exposed to Hepatitis C by another inmate who had the disease and was allowed to share a razor with Plaintiff (**Count 1**). The applicable legal standard for this claim depends on Plaintiff's status as a pretrial detainee or prisoner at the time of the events giving rise to this action. If he was a pretrial detainee, his claims arise under the Due Process Clause of the Fourteenth Amendment; if he was a prisoner, Plaintiff's claims instead arise under the Eighth Amendment. *See Budd v. Motley*, 711 F.3d 840, 842 (7th Cir. 2013) (citing *Rice ex rel. Rice v. Corr. Med. Servs.*, 675 F.3d 650, 664 (7th Cir. 2012)). *See also Klebanowski v. Sheahan*, 540 F.3d 633, 637 (7th Cir. 2008).

Although the Seventh Circuit has made it clear that pretrial detainees are afforded "*at least* as much protection as the constitution provides convicted prisoners," the Seventh Circuit has also "found it convenient and entirely appropriate to apply the same standard to claims arising under the Fourteenth Amendment (detainees) and Eighth Amendment (convicted prisoners) 'without differentiation.'" *Board v. Farnham*, 394 F.3d 469, 478 (7th Cir. 2005) (emphasis in original) (quoting *Henderson v. Sheahan*, 196 F.3d 839, 845 n.2 (7th Cir. 1999) (citing *Cavalieri v. Shepard*, 321 F.3d 616, 620 (7th Cir. 2003)).

In either case, Plaintiff has the burden of showing that: (1) the harm to Plaintiff was objectively serious; and (2) the official acted with deliberate indifference to Plaintiff's health or safety, which is a subjective standard. *See Estelle v. Gamble*, 429 U.S. 97, 104 (1976);

5

*Farmer v. Brennan*, 511 U.S. 825, 837 (1994); *Sherrod v. Lingle*, 223 F.3d 605, 619 (7th Cir. 2000). The Seventh Circuit has further explained that the constitution "protects a detainee not only from deliberate indifference to his or her *current* serious health problems, but also from deliberate indifference to conditions posing an unreasonable risk of serious damage to *future* health." *Board v. Farnham*, 394 F.3d at 479 (citations omitted) (emphasis in original). Plaintiff's claim appears to fall under the "future health" rubric. However, because he has failed to allege that any particular defendant unreasonably exposed him to an increased risk of disease and he seeks only "compensation" for this alleged deprivation, Plaintiff's claim must be dismissed. The dismissal of **Count 1** is without prejudice to Plaintiff filing an amended complaint that includes this claim, consistent with the directions set forth in this Order.

**Count 2**

The complaint fails to state a claim for unconstitutional conditions of confinement (**Count 2**), based on Plaintiff's allegations that the Jail provided inadequate food, air, recreation, and water. The constitution does not mandate comfortable prisons, but it also does not permit inhumane ones. *See Farmer v. Brennan*, 511 U.S. 825, 832 (1994). Prison officials are "required to provide humane conditions of confinement, ensuring that inmates receive adequate food, clothing, shelter, and medical care, and take reasonable measures to guarantee safety of inmates." *Id*. It is not every inhumane condition that translates into constitutional liability for prison officials. However, "conditions of confinement, even if not individually serious enough to work constitutional violations, may violate the Constitution in combination when they have a 'mutually enforcing effect that produces the deprivation of a single, identifiable human need.'" *Budd*, 711 F.3d at 842 (citing *Wilson v. Seiter,* 501 U.S. 294, 304 (1991); *Murphy v. Walker*, 51 F.3d 714, 721 (7th Cir. 1995)).

The Supreme Court has set forth two elements that are required to support a claim. First, an objective element requires a showing that the conditions deny the inmate "the minimal civilized measure of life's necessities," creating an excessive risk to the inmate's health or safety. *Farmer*, 511 U.S. at 834. The second requirement is a subjective element–establishing a defendant's culpable state of mind. *Id.*

The operative complaint lacks sufficient details to satisfy either prong of this test. Although inadequate food, exercise, air, and water can support a claim for unconstitutional conditions of confinement, the complaint does not describe the alleged deprivations in any detail. It is therefore unclear what Plaintiff's diet consisted of, other than the honey buns. He complains of no exercise, but it is not clear how long he was deprived of exercise, whether it was an absolute denial, and what other attempts he made to exercise. Although the complaint also mentions a lack of fresh air and water, the complaint does not describe the frequency, scope, or duration of these deprivations. As previously discussed, the complaint names no defendant in connection with this claim. It also does not describe Plaintiff's efforts to put anyone on notice of the alleged deprivation. Based on the foregoing discussion, **Count 2** shall be dismissed without prejudice and with leave to file an amended complaint.

**Count 3**

Plaintiff's access to courts claim (**Count 3**) also fails. Plaintiff has not named any particular defendant in connection with this deprivation. Count 3 is therefore subject to dismissal on this basis alone.

In addition, the complaint does not suggest that Plaintiff was denied access to the courts. "[T]he mere denial of access to a prison law library or to other legal materials is not itself a violation of a prisoner's rights; his right is to access *the courts*, and only if the defendants'

conduct prejudices a potentially meritorious challenge to the prisoner's conviction, sentence, or conditions of confinement has this right been infringed." *Marshall v. Knight*, 445 F.3d 965, 968 (7th Cir. 2006). The complaint does not suggest that Plaintiff suffered any "actual substantial prejudice to specific litigation." *Kincaid v. Vail*, 969 F.2d 594, 603 (7th Cir. 1992). Plaintiff generally alleges that he had difficulty accessing the law library and legal forms (Doc. 1, p. 7). However, Plaintiff does not allege, and the complaint does not suggest, that he suffered actual prejudice in any particular case. Accordingly, **Count 3** shall be dismissed without prejudice for failure to state a claim upon which relief can be granted. Should Plaintiff choose to pursue this claim further at some later time, he should first review *George v. Smith*, 507 F.3d 605 (7th Cir. 2007), which precludes him from bringing unrelated claims against different defendants in the same lawsuit. *Id.* at 607.

## Disposition

**IT IS HEREBY ORDERED** that Plaintiff's complaint (Doc. 1) is **DISMISSED without prejudice** for failure to state a claim upon which relief can be granted. Plaintiff is **GRANTED** leave to file his "First Amended Complaint" **on or before July 21, 2014.** Should Plaintiff fail to file his First Amended Complaint within the allotted time or consistent with the instructions set forth in this Order, the entire case may be dismissed with prejudice. FED. R. APP. P. 41(b). *See generally Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466 (7th Cir. 1994); 28 U.S.C. § 1915A.

Should Plaintiff decide to file an amended complaint, it is strongly recommended that he use the forms designed for use in this District for such actions. He should label the form, "First Amended Complaint," and he should use the case number for *this* action. The amended complaint shall present each claim in a separate count, and each count shall specify, *by name*,

each defendant alleged to be liable under the count, as well as the actions alleged to have been taken by that Defendant.  Plaintiff should attempt to include the facts of his case in chronological order, inserting Defendants' names where necessary to identify the actors.  Plaintiff should refrain from filing unnecessary exhibits.  Plaintiff should *include only related claims* in his new complaint.  Claims found to be unrelated will be severed into new cases, new case numbers will be assigned, and additional filing fees will be assessed.  To enable Plaintiff to comply with this order, the Clerk is **DIRECTED** to mail Plaintiff a blank civil rights complaint form.

An amended complaint supersedes and replaces the original complaint, rendering the original complaint void.  *See Flannery v. Recording Indus. Ass'n of Am.,* 354 F.3d 632, 638 n. 1 (7th Cir. 2004).  The Court will not accept piecemeal amendments to the original complaint.  Thus, the First Amended Complaint must stand on its own, without reference to any previous pleading, and Plaintiff must re-file any exhibits he wishes the Court to consider along with the First Amended Complaint.  The First Amended Complaint is subject to review pursuant to 28 U.S.C. § 1915A.

Plaintiff is further **ADVISED** that his obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee of $350.00 remains due and payable, regardless of whether Plaintiff elects to file an amended complaint.  *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will

cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution.  *See* FED. R. APP. P. 41(b).

    **IT IS SO ORDERED.**

    **DATED:  June 16, 2014**

                                              *s/J. Phil Gilbert*
                                              **U.S. District Judge**